If the views taken in the former case be correct, they seem to be equally applicable to this. It was a question for the commissioners, not of actual exemption, but of the sufficiency of an excuse, in relation to a person and subject matter within their jurisdiction, in a case coming properly before them — and for the reasons already given their decisions must be sustained. The finding of the jury, however, if taken literally, would show that there was, in fact, no conflict.of authority or of duty. The relator being warned on the Lanier’s ferry road for 12 days, to commence *322 on the l§th August, did begin and worked there four days, when some of the hands being sick, they were dismissed, and the residue of the work was postponed until the end of the same month or the beginning of the next; obviously specifying no time to re-commence — and making it necessary that the hands should receive further notice, when the remainder of the work would be required. Before such notice, be was warned on the Lands-ford road for six days, to commence on the 19th August. This summons •he refused to obey, preferring again to work on the Lanier’s ferry road. There was no existing obligation or incompatible duty — and the summons pn the Landsford road ought to have been obeyed.
His Honor the presiding judge supposing he was fined for seven days, granted the prohibition for one day’s fine. At his suggestion this order is set aside : and the motion on the part of the relator, to reverse the decision as to the residue of the judgment of the commissioners, is refused.